NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADAM JOSEPH PHIPPS,

Defendant-Appellant.

No.   21-50168

D.C. No.
3:07-cr-00162-LAB-1

MEMORANDUM*

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADAM JOSEPH PHIPPS,

Defendant-Appellant.

No.   22-50280

D.C. No.
3:20-cr-00252-LAB-1

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted September 9, 2024
Pasadena, California

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Panel

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Adam Phipps was convicted by a jury of attempted receipt and possession of child pornography. *See* 18 U.S.C. §§ 2252(a)(2), (a)(4)(B). He appeals his conviction and the revocation of his supervised release, arguing that the district court admitted improper expert testimony and hearsay evidence.

1. The district court did not err by allowing Officer Mar to testify as an expert regarding his imaging of Phipps's computer using two forensic tools—Forensic Falcon and Axiom. "Whether the district court applied the correct legal standard under *Daubert* is reviewed de novo, and the district court's decision to admit expert testimony is reviewed for abuse of discretion." *Hardeman v. Monsanto Co.*, 997 F.3d 941, 960 (9th Cir. 2021). First, it was not an abuse of discretion to conclude that Officer Mar was qualified by his training and expertise. *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022). Officer Mar had over 400 hours of training, including on the proper use of the forensic tools. He also had notable experience, having conducted at least 15 and 25 prior forensic examinations using Forensic Falcon and Axiom, respectively. "The fact that [Officer Mar] lacked an advanced degree, supervisory experience, previous experience as an expert witness, or relevant publications did not render [him] unfit to provide expert testimony." *United States v. Brooks*, 610 F.3d 1186, 1196 (9th Cir. 2010).

Second, the district court expressly found that Officer Mar reliably applied his expertise to the facts in the case. Officer Mar carefully described the way he digitally examined Phipps's laptop, and FBI Agent Evans (whom Phipps concedes was a qualified expert) found no fault with Officer Mar's forensic imaging. At bottom, the district court properly performed its "gatekeeping duty" in ensuring that Officer Mar's expert testimony was relevant and reliable. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019) (per curiam).

2.     We do not decide whether the district court abused its discretion by admitting emails suggesting that Phipps had purchased a laptop without the required authorization from his probation officer. Phipps's purchase and use of the laptop were proven by substantial independent evidence. Probation Officer Paula Burke testified that during the probation search of Phipps's workplace, she found the Toshiba laptop in the section of the break room where Phipps was temporarily residing. Nearby, she found a note containing words that Phipps used as passwords in the past. FBI Agent Evans also testified that he obtained various business records and GPS data, confirming the sale, delivery, and retrieval of the Toshiba laptop. Thus, any error in admitting the emails was harmless. *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

3.     Phipps also argues that his *Daubert* and hearsay arguments justify reversing the revocation for the same reasons as the conviction. Those arguments

fail for the reasons we have already discussed. Thus, Phipps's arguments do not support a challenge to the revocation, and the district court did not abuse its discretion.

**AFFIRMED.**